UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONSEIL ALAIN ABOUDARAM, S.A.,

                      Appellant,

      - against -                  Case No. 1:05-CV-00988 (RMC)

JACQUES DE GROOTE,

                      Appellee.

**APPELLANT'S CONSENT MOTION TO EXTEND
BANKRUPTCY APPELLATE BRIEFING DEADLINES**

        Appellant Conseil Alain Aboudaram, S.A. ("CAASA"), by counsel and pursuant to Fed. R. Bankr. P. 8009(a) & 8019 & Fed. R. Civ. P. 6(b)(1), hereby moves with the consent of Appellee Jacques de Groote ("de Groote") for entry of an order:

        1.    enlarging the time prescribed by Fed. R. Bankr. P. 8009(a)(1) within which CAASA may file its appeal brief to and including June 27, 2005; and

        2.    enlarging the time prescribed by Fed. R. Bankr. P. 8009(a)(2) within which de Groote may file his appeal brief to and including July 18, 2005.

        The grounds for the relief sought are set forth in the attached memorandum of points and authorities. As a result of the conference between counsel mandated by D.D.C. Civ.

R. 7(m), CAASA has obtained de Groote's consent to the relief requested in this motion.

Dated: Washington, D.C.
       May 26, 2005

.

            BERLINER, CORCORAN & ROWE, L.L.P.

            Attorneys for Appellant

        By: /s/ James L. Marketos
           James L. Marketos
            D.C. Bar No. 412953
           Alexander C. Vincent
            D.C. Bar No. 473459

           1101 17th Street, N.W.
           Suite 1100
           Washington, D.C.  20036-4798
           Telephone:  (202) 293-5555
           Fax:  (202) 293-9035
           E-mail:  jlm@bcr-dc.com, acv@bcr-dc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONSEIL ALAIN ABOUDARAM, S.A.,

                    Appellant,

     - against -

JACQUES DE GROOTE,

                    Appellee.

Case No. 1:05-CV-00988 (RMC)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S CONSENT MOTION TO EXTEND BANKRUPTCY APPELLATE BRIEFING DEADLINES**

Appellant Conseil Alain Aboudaram, S.A. ("CAASA"), by counsel, submits this memorandum of points and authorities in support of its Consent Motion to Extend Bankruptcy Appellate Briefing Deadlines, filed May 26, 2005. The facts on which CAASA relies are of record.

**RELEVANT PROCEDURAL FACTS**

More than four years ago, on January 3, 2001, CAASA sued Debtor Jacques de Groote ("de Groote") in the United States District Court for the District of Columbia to enforce two demand promissory notes and recover unpaid principal, accrued interest, and costs of enforcement, including attorney's fees. *See Conseil Alain Aboudaram, S.A. v. de Groote*, No. 1:01-CV-00006 (JDB) (D.D.C. judgments entered June 7 & Aug. 31, 2004) ("District Court Action").

On May 14, 2002, de Groote filed a petition for relief under Chapter 11 of the

Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia. *See In re Jacques de Groote*, Ch. 11 No. 02-0981 (Bankr. D.D.C.) ("Bankruptcy Case"). This temporarily halted then-pending pre-trial proceedings in the District Court Action. Pre-trial proceedings resumed under an August 17, 2002, order from the bankruptcy court lifting the automatic stay as to the District Court Action.

Despite a jury verdict in CAASA's favor in the District Court Action, on August 31, 2004, judgment was entered for de Groote on CAASA's promissory note enforcement claim. Judgment was also entered for CAASA on de Groote's counterclaims. Both parties have timely appealed to the United States Court of Appeals for the District of Columbia Circuit from the respective adverse judgments, and these appeals are now pending. *See Conseil Alain Aboudaram, S.A. v. de Groote*, Nos. 04-7167 & 04-7168 (D.C. Cir. appeals consolidated and docketed Oct. 8, 2004) ("D.C. Circuit Appeals").

On August 27, 2004, prior to entry of the judgments in the District Court Action, CAASA amended its proof of claim in the Bankruptcy Case. On September 7, 2004, de Groote objected to CAASA's original and amended proofs of claim (Bankr. Docket # 207). On November 12, 2004, de Groote also moved for summary judgment on his objection to CAASA's proofs of claim (Bankr. Docket # 234), arguing that CAASA's claim should be disallowed because the judgment for de Groote in the District Court Action (*i.e.*, the judgment CAASA is now appealing in the D.C. Circuit) was *res judicata* as to any theory underlying CAASA's bankruptcy claim.

By order dated February 23, 2005 (Bankr. Docket # 308) ("Disallowance Order"), the bankruptcy court disallowed CAASA's claim based on the *res judicata* effect of the judgment

2

adverse to CAASA in the District Court Action. On March 7, 2005, CAASA moved in the bankruptcy court to amend the Disallowance Order (Bankr. Docket # 326) ("Motion to Amend"). CAASA's proposed amendment would have added language depriving the Disallowance Order of *res judicata* effect pending the outcome of CAASA's pending D.C. Circuit appeal. De Groote opposed the motion on March 21, 2005 (Bankr. Docket # 337). By order dated March 24, 2005 (Bankr. Docket # 344), the bankruptcy court denied CAASA's motion to amend with a proviso allowing the summary disallowance to be vacated on a motion under Fed. R. Civ. P. 60 if the D.C. Circuit reverses the relevant district court judgment. On April 1, 2005, CAASA noticed a timely appeal to this Court from the Disallowance Order and the order denying CAASA's Motion to Amend (Bankr. Docket # 352) ("Bankruptcy Appeal").

On May 17, 2005, in accordance with Fed. R. Bankr. P. 8007(b), the Bankruptcy Appeal was docketed in this Court as Case No. 1:05-CV-0988 (RMC). Accordingly, by the terms of Fed. R. Bankr. P. 8009(a)(1), CAASA's appeal brief is due within 15 days of May 17, 2005, that is, on or before June 1, 2005. Pursuant to Fed. R. Bankr. P. 8009(a)(2), de Groote's appeal brief would therefore be due no later than June 16, 2005, and pursuant to Fed. R. Bankr. P. 8009(a)(3), CAASA's reply would therefore be due no later than June 27, 2005.

Meanwhile, on April 15, 2005, CAASA filed its principal brief in the D.C. Circuit Appeals. On May 5, 2005, de Groote moved for relief from the type-volume limitations prescribed by Fed. R. App. P. 32(a)(7)(B) ("Motion to Exceed Type-Volume Limits"). CAASA opposed this motion on May 9, 2005. Three days later, on May 12, 2005, the Court of Appeals issued an order on its own motion suspending the briefing schedule in the D.C. Circuit Appeals pending disposition of de Groote's Motion to Exceed Type-Volume Limits. The Court of

3

Appeals has not yet decided de Groote's motion or set down a new briefing schedule.

## ARGUMENT

Fed. R. Bankr. P. 8009(a) requires the party appealing a bankruptcy order to serve and file a brief within 15 days after docketing of the appeal in the district court. The appellee must then serve and file a brief within 15 days after service of the appellant's brief, and the appellant may serve and file a reply brief within 10 days after service of the appellee's brief. Rule 8009(a) also gives this Court discretion to specify different time limits for the service and filing of bankruptcy appeal briefs. Likewise, Fed. R. Bankr. P. 8019 allows this Court, "[i]n the interest of expediting decision or for other cause . . . [to] suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002 and 8013, and may order proceedings in accordance with its direction." Finally, Fed. R. Civ. P. 6(b)(1), allows the Court "for cause shown . . . at any time in its discretion" to enlarge a prescribed period of time within which an act is required to be done if a motion requesting such relief is filed before "the expiration of the period originally prescribed."

Here, the cause for the relief sought is that CAASA wishes to structure a proposed briefing schedule in this Court that will avoid conflicting with the revised appellate briefing schedule both parties expect the Court of Appeals to issue soon in the D.C. Circuit Appeals. In addition, this motion is filed before the expiration of the period originally prescribed.

**CONCLUSION**

For the foregoing reasons, the motion should in all respects be granted.

Dated: Washington, D.C.
May 26, 2005

.

                Respectfully submitted,

                BERLINER, CORCORAN & ROWE, L.L.P.

                Attorneys for Appellant

By: /s/ James L. Marketos
     James L. Marketos
        D.C. Bar No. 412953
     Alexander C. Vincent
        D.C. Bar No. 473459

     1101 17th Street, N.W.
     Suite 1100
     Washington, D.C. 20036-4798
     Telephone: (202) 293-5555
     Fax: (202) 293-9035
     E-mail: jlm@bcr-dc.com, acv@bcr-dc.com