## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONSEIL ALAIN ABOUDARAM, S.A.,

                        Appellant,

          - against -                    Case No. 1:05-CV-00988 (RMC)

JACQUES DE GROOTE,

                        Appellee.

## APPELLANT'S MOTION TO STRIKE APPEARANCE OF STEPHEN SALE, ESQ., JOHN D. QUINN, ESQ., AND THE LAW FIRM OF SALE & QUINN, P.C.

Appellant Conseil Alain Aboudaram, S.A. ("CAASA"), by counsel and pursuant to Fed. R. Bankr. P. 8011, hereby moves for entry of an order striking from the record the appearance of Stephen Sale, Esq., and John D. Quinn, Esq., and the law firm of Sale & Quinn, P.C., on behalf of debtor Jacques de Groote, notice of which was filed July 12, 2005.

The grounds for the relief sought are set forth in the attached memorandum of points and authorities. In accordance with D.D.C. Civ. R. 7(m), CAASA sought de Groote's consent to the relief requested in this motion via telephone conference on July 13, 2005, with Alan D. Eisler, Esq., de Groote's counsel of record on this appeal. In an exchange of e-mail messages on July 14, 2005, CAASA's counsel and de Groote's counsel presented each other with arguments in favor of and against the relief sought in a good-faith attempt to narrow the areas of disagreement. Counsel were unable to resolve their differences. CAASA therefore assumes this

motion will be opposed.

Dated: Washington, D.C.
        July 14, 2005

                                        BERLINER, CORCORAN & ROWE, L.L.P.

.

                                        Attorneys for Appellant


                        By:     /s/ James L. Marketos
                                James L. Marketos
                                    D.C. Bar No. 412953
                                Alexander C. Vincent
                                    D.C. Bar No. 473459

                                1101 17th Street, N.W.
                                Suite 1100
                                Washington, D.C.  20036-4798
                                Telephone:  (202) 293-5555
                                Fax:  (202) 293-9035
                                E-mail:  jlm@bcr-dc.com, acv@bcr-dc.com


                                        2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONSEIL ALAIN ABOUDARAM, S.A.,

Appellant,

- against -

JACQUES DE GROOTE,

Appellee.

Case No. 1:05-CV-00988 (RMC)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S MOTION TO STRIKE APPEARANCE OF STEPHEN SALE, ESQ., JOHN D. QUINN, ESQ., AND THE LAW FIRM OF SALE & QUINN, P.C.

Appellant Conseil Alain Aboudaram, S.A. ("CAASA"), by counsel, submits this memorandum of points and authorities in support of its Motion to Strike Appearance of Stephen Sale, Esq., John D. Quinn, Esq., and the law firm of Sale & Quinn, P.C., filed July 13, 2005. The facts on which CAASA relies are of record in the underlying Chapter 11 bankruptcy case, the related district court case, and the appeals pending in the United States Court of Appeals for the District of Columbia Circuit from the judgments entered in the district court case.

## RELEVANT FACTS

More than four years ago, on January 3, 2001, CAASA sued Debtor Jacques de Groote ("de Groote") in the United States District Court for the District of Columbia to enforce two demand promissory notes and recover unpaid principal, accrued interest, and costs of enforcement, including attorney's fees. *See Conseil Alain Aboudaram, S.A. v. de Groote*, No. 1:01-CV-00006 (JDB) (D.D.C. judgments entered June 7 & Aug. 31, 2004) ("District Court

Action").  In that action, de Groote was represented by Stephen Sale, Esq., of Claxton, Sale &

Quinn, P.C. (n/k/a/ Sale & Quinn, P.C.) ("Sale & Quinn").

On May 14, 2002, while the District Court Action was pending, de Groote filed a

petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the District of Columbia.  *See In re Jacques de Groote*, Ch. 11 No. 02-0981 (Bankr.

D.D.C.) ("Bankruptcy Case").  De Groote has separate bankruptcy counsel in the Bankruptcy

Case, namely Wendelin I. Lipp, Esq., and Alan D. Eisler, Esq., of Paley, Rothman, Goldstein,

Rosenberg, Eig & Cooper, Chtd.

On June 18, 2002, de Groote, through his bankruptcy counsel, filed in the

Bankruptcy Case an Application to Employ Special Counsel (Bankr. Docket # 19).  The

application sought approval to employ Mr. Sale and his law firm as special counsel for de Groote

in the District Court Action so that the action could proceed during the Bankruptcy Case.  All the

grounds advanced in de Groote's application were tied to Mr. Sales's pre-existing involvement in

and familiarity with the District Court Action.  De Groote made no request to employ Mr. Sale in

the Bankruptcy Case (*See* Application to Employ Special Counsel ¶¶ 6, 7, 9).

By order dated July 8, 2002, (entered July 10) the bankruptcy court granted de

Groote's application (Bankr. Docket # 32).  Specifically, the order provided "that [de Groote] is

authorized to employ Stephen Sale and the law firm of Claxton, Sale & Quinn as his special

counsel in the pending litigation in the case of Conseil Alain Aboudaram, S.A. v. Jacques de

Groote filed in the United States District Court for the District of Columbia, Civil Action No. 01-

0006 (JDB) as set forth in the Application, at the firm's normal hourly rates, with all fees subject

to review and approval by this court, effective as of May 14, 2002."

The District Court Action was tried to a jury from February 20-March 2, 2004. The day before the commencement of the trial, John D. Quinn, Esq., one of Mr. Sale's partners, made his appearance as co-counsel for de Groote in the District Court Action. Mr. Quinn assisted Mr. Sale during the trial. Despite a jury verdict in CAASA's favor in the District Court Action, judgment was entered for de Groote on August 31, 2004, on CAASA's promissory note enforcement claim. Judgment was also entered for CAASA on de Groote's counterclaims. Both parties have timely appealed to the United States Court of Appeals for the District of Columbia Circuit from the respective adverse judgments, and these appeals are now pending. *See Conseil Alain Aboudaram, S.A. v. de Groote*, Nos. 04-7167 & 04-7168 (D.C. Cir. appeals consolidated and docketed Oct. 8, 2004) ("D.C. Circuit Appeals").

As a result of recent activity in the Bankruptcy Case, CAASA discovered that Sale & Quinn has been actively serving as de Groote's counsel in the Bankruptcy Case virtually since its inception in 2002, but completely without authority to do so. The details came to light after February 9, 2005, when de Groote filed in the Bankruptcy Case a Motion to Expand Scope of Employment of Special Counsel (Bankr. Docket # 295) ("Motion to Expand"). The Motion to Expand sought approval *nunc pro tunc* back to June 20, 2002 (a month after the commencement of the Bankruptcy Case), for the expansion of Sale & Quinn's representation to include "all matters relating to CAASA" in this Court [*i.e.,* the bankruptcy court], the district court, and the D.C. Circuit.

CAASA opposed the Motion to Expand, and a hearing on the motion was held on April 5, 2005. In particular, CAASA opposed the Motion to Expand on the grounds that: (1) Sale & Quinn had acted without authority to represent de Groote in bankruptcy matters; (2) Sale

3

& Quinn was being paid secretly by a third party (the Appian Group) to perform bankruptcy

work on de Groote's behalf; (3) Sale & Quinn had failed to make the disclosures required by 11

U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b); and (4) de Groote had not shown extraordinary

circumstances justifying *nunc pro tunc* approval of Sale & Quinn's employment (*see* Bankr.

Docket #s 316 & 348).

       At the April 5, 2005, hearing on the Motion to Expand, the bankruptcy court

expressed concern that Mr. Sale's drafting of various motions by de Groote in the Bankruptcy

Case and Mr. Sale's representation of de Groote at a two-day bankruptcy-related deposition were

not within the authority conferred by the July 8, 2002, employment order. On April 7, 2005, the

bankruptcy court issued an Order Clarifying Authorized Scope of Special Counsel's Employment

(Bankr. Docket # 359) (attached as Exhibit 1), which deferred adjudication and resolution of the

Motion to Expand until Sale & Quinn submits a fee application or a detailed list of its legal

services performed on de Groote's behalf in the Bankruptcy Case. Nevertheless, the bankruptcy

court concluded that "based on the debtor's description of Sale's participation in this case, it

also appears likely that Sale has exceeded the scope of employment authorized by the July [8],

2002 order by working on matters that have little or no relation to the District Court litigation."

       Pending the submission of fee petitions by Sale & Quinn and de Groote's

authorized bankruptcy counsel, the bankruptcy court reserved decision on two key issues: (1)

whether Sale & Quinn's representation of de Groote in the Bankruptcy Case from June 20, 2002,

through April 5, 2005, was within the scope of the July 8, 2002, order; and (2) whether Sale &

Quinn's failure to file a disclosure statement required by Fed. R. Bankr. P. 2016(b) will deprive

Sale & Quinn of the right to recover legal fees from the bankruptcy estate for performing

bankruptcy work on de Groote's behalf:

> [T]he court reserves for later adjudication the question of whether services performed by Sale on behalf of the debtor in connection with this bankruptcy case, from June 20, 2002, up until and including the April 5, 2005 hearing on this motion, were authorized by the July 10, 2002 order. Likewise, the court reserves for later adjudication the question of whether the $50,000 paid by Appian Group now held by Sale in trust, and Mr. Sale's failure to file a 2016(b) statement to that effect, have any impact on Sale's entitlement to fees for services rendered in connection with this bankruptcy case.

As regards Mr. Sale's and his firm's future conduct, the bankruptcy court clarified that Mr. Sale is authorized to represent de Groote in the pending D.C. Circuit Appeal, but his involvement in the Bankruptcy Case is limited to assisting de Groote's bankruptcy counsel on matters as to which he has institutional memory:

> [W]ith respect to Sale's future conduct (meaning all conduct occurring after the April 5, 2005 hearing), the July 10, 2002 order is hereby clarified to reflect that Sale is authorized to handle any appeal of the District Court litigation, and he is authorized to assist the debtor and the debtor's bankruptcy counsel by assisting and giving information with respect to matters on which he, Sale, has institutional memory by reason of his participation in the District Court civil action and the related appeal.

Currently on appeal in this Court ("Bankruptcy Appeal") are the bankruptcy court's: (1) February 23, 2005, order (Bankr. Docket # 308) ("Disallowance Order") disallowing CAASA's claim based on the *res judicata* effect of the judgment adverse to CAASA in the District Court Action; and (2) March 24, 2005, order (Bankr. Docket # 344), denying CAASA's motion to amend the Disallowance Order by adding language depriving it of *res judicata* effect pending the outcome of CAASA's pending D.C. Circuit appeal. De Groote's counsel of record on this Bankruptcy Appeal are his bankruptcy counsel Ms. Lipp and Mr. Eisler.

5

This Bankruptcy Appeal was docketed May 17, 2005. On May 26, 2005, CAASA filed a Consent Motion to Extend Bankruptcy Appellate Briefing Deadlines (Bankr. Appeal Docket # 3), by which CAASA's principal Bankruptcy Appeal brief would be due on or before June 27, 2005, and de Groote's principal Bankruptcy Appeal brief would be due on or before July 18, 2005. Although this Court has not yet ruled on that motion, CAASA nonetheless filed its principal bankruptcy appeal brief on June 27 (Bankr. Appeal Docket # 4). CAASA expects de Groote to file his principal bankruptcy appeal brief on July 18 in accordance with the agreement of counsel.

On July 12, 2005, Mr. Sale, his partner, John D. Quinn, Esq., and their firm, Sale & Quinn, P.C., noticed their appearances in this Court (Bankr. Appeal Docket # 5).

## ARGUMENT

According to the plain language of the bankruptcy court's April 7, 2005, Order Clarifying Authorized Scope of Special Counsel's Employment, entered in response to the Motion to Expand, Messrs. Sale and Quinn and their firm have no authority to represent de Groote as co-counsel of record in the Bankruptcy Appeal, which arises directly out of the Bankruptcy Case, is separate and distinct from the D.C. Circuit Appeal, and involves different legal issues. De Groote has not sought leave of the bankruptcy court to employ Sale & Quinn to represent de Groote in this Bankruptcy Appeal, as he must do in order for Sale & Quinn lawfully to appear, *see* 11 U.S.C. § 327(e); nor has he obtained a modification of the bankruptcy court's April 7, 2005, order.

Apart from Sale & Quinn's complete lack of authority to serve as debtor's counsel

6

in this Bankruptcy Appeal, they are perfectly capable — without appearing as co-counsel of record — of "assist[ing] the debtor and the debtor's bankruptcy counsel by assisting and giving information with respect to matters on which he, Sale, has institutional memory by reason of his participation in the District Court [Action] and the related [D.C. Circuit Appeal]" (*see* Order Clarifying Authorized Scope of Special Counsel's Employment (Apr. 7, 2005) (Bankr. Docket # 359)). Furthermore, de Groote already has the benefit of representation by competent counsel on this Bankruptcy Appeal.

Messrs. Sale and Quinn do not write on a blank slate in seeking to appear as de Groote's counsel in this Bankruptcy Appeal. Their authority to serve as debtor's bankruptcy counsel has been drawn into serious question in the Bankruptcy Case. Their conduct in violation of the limited authority they were given will be the subject of further scrutiny in the bankruptcy court when it comes time to determine their entitlement, if any, to compensation. Their recent appearance here is in defiance of the bankruptcy court's April 7 order, which rendered them ineligible to appear in this Bankruptcy Appeal. *See* D.D.C. Civ. R. 83.6(a).[1] Their appearances should therefore be stricken.

---

[1]      Local Civil Rule 83.6(a) provides: "An attorney <u>eligible to appear</u> may enter an appearance in a civil action by signing any pleading described in Rule 7(a), Federal Rules of Civil Procedure, or by filing a written notice of the entry of an appearance listing the attorney's correct address, telephone number and bar identification number" (emphasis added). As the docket number clearly indicates, this Bankruptcy Appeal is a civil action.

## CONCLUSION

For the foregoing reasons, the motion should in all respects be granted, and the appearances of Stephen Sale, Esq., John D. Quinn, Esq., and the law firm of Sale & Quinn, P.C., should be stricken from the record.

Dated: Washington, D.C.
      July 14, 2005

                          Respectfully submitted,

                          BERLINER, CORCORAN & ROWE, L.L.P.

.

                          Attorneys for Appellant

                  By:     /s/ James L. Marketos              
                          James L. Marketos
                                D.C. Bar No. 412953
                          Alexander C. Vincent
                                D.C. Bar No. 473459

                          1101 17th Street, N.W.
                          Suite 1100
                          Washington, D.C. 20036-4798
                          Telephone: (202) 293-5555
                          Fax: (202) 293-9035
                          E-mail: jlm@bcr-dc.com, acv@bcr-dc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of July 2005, I caused a true and correct copy of the foregoing Appellant's Motion to Strike Appearance of Stephen Sale, Esq., John D. Quinn, Esq., and the law firm of Sale & Quinn, P.C., a proposed order thereon, and a memorandum of points and authorities (with one attached exhibit) in support thereof to be served upon the following persons by electronic mail, addressed to:

Wendelin I. Lipp, Esq.
Alan D. Eisler, Esq.
Paley, Rothman, Goldstein, Rosenberg & Cooper, Chtd.
Counsel for Debtor Jacques de Groote
4800 Hampden Lane
Seventh Floor
Bethesda, Maryland  20814-2922
wlipp@paleyrothman.com
aeisler@paleyrothman.com

/s/ James L. Marketos
James L. Marketos