It is hereby

ORDERED that the Order set forth below is
hereby signed as an order of the court to be entered
by the clerk.

Signed: April 07, 2005.



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )    Case No. 02-00981
JACQUES DE GROOTE,             )    (Chapter 11)
                               )
              Debtor.          )

ORDER CLARIFYING AUTHORIZED
SCOPE OF SPECIAL COUNSEL'S EMPLOYMENT

On July 10, 2002, the court entered an order approving the

debtor's application to employ as special counsel Stephen Sale

and the law firm formerly known as Claxton, Sale & Quinn, P.C.

(now known as "Sale & Quinn, P.C.") (hereinafter collectively

"Sale") to represent the debtor in a civil action initiated by

Conseil Alain Aboudaram, S.A. ("CAASA") in the United States

District Court for the District of Columbia (DE No. 32, entered

July 10, 2002).  On February 9, 2005, the debtor filed a

Supplemental Application to Employ Stephen Sale as Counsel (DE

No. 295) seeking to expand the scope of Sale's employment *nunc*

*pro tunc* to June 20, 2002, to include all matters relating to

CAASA in this court, in the District Court, and in the U.S. Court

of Appeals for the District of Columbia.  In the alternative, the

debtor asks the court to clarify the July 10, 2002 order to reflect that Sale's participation in this bankruptcy case and in any appeal of the District Court order falls within the scope of employment authorized by the July 10, 2002 order because such services are derivative of Sale's role as special counsel in the District Court litigation.

CAASA and the U.S. Trustee have both objected to the debtor's motion.[1]  However, to the extent the debtor's motion merely seeks clarification of the July 10, 2002 order rather than an affirmative expansion of Sale's limited authorization to serve as special counsel, the U.S. Trustee does not object.

On April 5, 2005, the court held a hearing on the debtor's motion, at which time the court addressed the extent to which the July 10, 2002 order authorizing Sale to act as special counsel on behalf of the debtor in the District Court litigation authorizes Sale to perform services on behalf of the debtor in connection with any appeal taken from the District Court's order.  The U.S. Trustee takes the position, and the court agrees, that services performed by Sale in connection with any appeal from the District

---

[1]     At the April 5, 2005 hearing on this motion, the debtor argued that CAASA lacks standing to object in these proceedings because CAASA has no claim in this bankruptcy case.  Because the U.S. Trustee's opposition (DE No. 325, filed March 7, 2005) raises the same principal objections as those raised by CAASA in its opposition (DE No. 316, filed February 25, 2005) and supplemental opposition (DE No. 348, filed March 28, 2005), it is unnecessary for the court to reach the question of CAASA's standing or lack thereof.

Court's order ought to be deemed within the scope of employment authorized by this court's July 10, 2002 order.

The court also addressed the more difficult question of the extent to which services performed by Sale on behalf of the debtor in this bankruptcy case fall within the scope of employment authorized by the court's July 10, 2002 order. The debtor acknowledges that Sale has performed services on behalf of the debtor in this bankruptcy case, including services in connection with the preparation and prosecution of the debtor's summary judgment motion and all three motions for sanctions against CAASA. The debtor further acknowledges that Sale defended CAASA's deposition of Jacques de Groote on February 21 and 22, 2005, which was taken by CAASA in support of its Motion to Appoint a Trustee. Finally, the debtor acknowledges that, although Sale has not filed a 2016(b) statement in this case, the Appian Group paid Sale $50,000 in legal fees as compensation for the filing and prosecution of the debtor's second sanctions motion, which funds Sale has placed in a trust account pending court approval of his fees.

The court recognizes that Sale has specialized knowledge of the District Court litigation and that the debtor's bankruptcy counsel has justifiably consulted with Sale on matters raised in the District Court litigation that have a bearing on proceedings in this bankruptcy case. Thus, at least some of the services

performed by Sale in this bankruptcy case are, in all likelihood, sufficiently connected to his role as special counsel to bring them within the scope of employment authorized by the court's July 10, 2002 order.  However, based on the debtor's description of Sale's participation in this case, it also appears likely that Sale has exceeded the scope of employment authorized by the July 10, 2002 order by working on matters that have little or no relation to the District Court litigation.

The debtor has not filed a fee application, nor has he submitted a detailed list of services performed by Sale on the debtor's behalf in connection with this bankruptcy case.  Without the benefit of a fee application, it is not possible for the court to evaluate whether Sale's participation in this bankruptcy case has remained within the scope of employment authorized by the July 10, 2002 order.  Accordingly, the court will defer adjudication and resolution of the debtor's motion until after the debtor has filed a fee application in this case.  It is thus

ORDERED that the court reserves for later adjudication the question of whether services performed by Sale on behalf of the debtor in connection with this bankruptcy case, from June 20, 2002, up until and including the April 5, 2005 hearing on this motion, were authorized by the July 10, 2002 order.  Likewise, the court reserves for later adjudication the question of whether the $50,000 paid by Appian Group now held by Sale in trust, and

4

Mr. Sale's failure to file a 2016(b) statement to that effect, have any impact on Sale's entitlement to fees for services rendered in connection with this bankruptcy case.  It is further

ORDERED that with respect to Sale's future conduct (meaning all conduct occurring after the April 5, 2005 hearing), the July 10, 2002 order is hereby clarified to reflect that Sale is authorized to handle any appeal of the District Court litigation, and he is authorized to assist the debtor and the debtor's bankruptcy counsel by assisting and giving information with respect to matters on which he, Sale, has institutional memory by reason of his participation in the District Court civil action and the related appeal.

[Signed and dated above.]

Copies to:

Alan D. Eisler, Esquire
Paley, Rothman, Goldstein,
  Rosenberg & Cooper, Chtd.
4800 Hampden Lane, 7th Floor
Bethesda, MD 20814

Office of the U.S. Trustee
115 S. Union Street, Suite 210
Alexandria, VA 22314

James L. Marketos, Esquire
Berliner, Corcoran & Rowe, LLP
1101 17th Street, NW Suite 1100
Washington, DC 20036

Stephen Sale
Sale & Quinn, P.C.
910 16th Street, N.W. 5th Floor
Washington, D.C. 20006