UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CONSEIL ALAIN ABOUDARAM, S.A.,** ) <br> ) <br> **Appellant,** ) <br> ) <br> v. ) <br> ) <br> **JACQUES DE GROOTE,** ) <br> ) <br> **Appellee.** ) <br> ) | Civil Action No. 05-00988 (RMC) |

## ORDER

This case is before the Court on appeal from the United States Bankruptcy Court for the District of Columbia. *See In re Jacques de Groote*, Case No. 02-0981 (Bankr. D.D.C.) (filed May 14, 2002). Conseil Alain Aboudaram, S.A. ("CAASA") appeals the disallowance order entered by the Bankruptcy Court on its proof of claim in the amount of $1,374,742.61. There are two motions pending before this Court. First, Appellant CAASA moves to strike the appearances of Stephen Sale, John D. Quinn, and the law firm of Sale & Quinn on behalf of the debtor, Jacques de Groote. Second, the parties have fully briefed the merits of the appeal.

The Court will address the motion to strike but stays ruling on the merits of the appeal until the parties have responded to the Court's questions presented below.

### I. MOTION TO STRIKE

CAASA instituted suit against Mr. de Groote on the alleged underlying debt before Mr. de Groote filed his petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. *See Conseil Alain Aboudaram, S.A. v. de Groote*, Civil Action No. 1-06 (JDB) (filed Jan. 3, 2001) (the "District Court Litigation"). CAASA alleged a breach of contract based on two notes that were

secured by Mr. de Groote's residence in the Georgetown neighborhood of Washington, D.C. The Chapter 11 petition automatically stayed the District Court Litigation. The Bankruptcy Court granted CAASA's motion to lift the stay so that the District Court Litigation could be finalized and the debt liquidated. The court also authorized Mr. de Groote to employ "Stephen Sale and the law firm of Claxton, Sale & Quinn as his special counsel in the pending [District Court Litigation] . . . , with all fees subject to review and approval by this court, effective as of May 14, 2002." *In re Jacques de Groote*, Case No. 02-981 (Bankr. D.D.C. July 8, 2002) [Dkt. No. 32]. Mr. de Groote is separately represented in the bankruptcy litigation by bankruptcy counsel Wendelin I. Lipp and Alan D. Eisler of Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.

On February 9, 2005, Mr. de Groote filed a Motion to Expand Scope of Employment of Special Counsel in the Bankruptcy Court, by which he sought approval *nunc pro tunc* to June 20, 2002, for the expansion of Sale & Quinn's representation to include "all matters relating to CAASA" in the Bankruptcy Court, the district court and the D.C. Circuit Court of Appeals. *See* Supplemental Application to Employ Stephen Sale as Special Counsel to Expand Scope of Employment*, In re Jacques de Groote*, Case No. 02-981 (Bankr. D.D.C.) [Dkt. No. 295]. At a hearing on this motion, the Bankruptcy Court understandably expressed concern that Mr. Sale had drafted various motions submitted by Mr. de Groote in the bankruptcy case and had represented Mr. de Groote at a two-day bankruptcy-related deposition without authority from the judge. *See* Memorandum of Point's and Authorities in Support of Appellant's Motion to Strike ("Appellant's Mem.") at 4. On April 8, 2005, the Bankruptcy Court issued an Order Clarifying Authorized Scope of Special Counsel's Employment. *In re Jacques de Groote*, Case No. 02-981 (Bankr. D.D.C. Apr. 8, 2005) [Dkt. No. 359]. The court concluded:

> [W]ith respect to Sale's future conduct (meaning all conduct occurring after the April 5, 2005 hearing), the July 10, 2002 order is hereby clarified to reflect that Sale is authorized to handle any appeal of the District Court litigation, and he is authorized to assist the debtor and the debtor's bankruptcy counsel by assisting and giving information with respect to matters on which he, Sale, has institutional memory by reason of his participation in the District Court civil action and the related appeal.

*Id.* CAASA moves to strike the appearance of Messrs. Sale and Quinn and their firm (collectively referred to hereafter as "S&Q") as being outside the authorization granted by the Bankruptcy Court. Appellant's Mem. at 6-7. S&Q advances three arguments against the motion, none of which has merit.

First, S&Q argues that CAASA lacks standing to object to Mr. de Groote's selection of counsel. *See* Appellee's Memorandum in Opposition to Appellant's Motion to Strike ("Appellee's Opp.") at 8. S&Q contends that because previous court orders disallowed CAASA's claims in their entirety, "CAASA is neither a creditor nor a party in interest" and therefore does not have standing to object to Mr. De Groote's selection of counsel. *Id.* at 8-9. This argument misses the mark. As a debtor in a Chapter 11 case, Mr. de Groote must obtain leave of court to spend his assets, including the retention of any and all counsel. *See* 11 U.S.C. § 327(a). The Bankruptcy Court granted him leave to retain S&Q for a limited purpose. No one has appealed the limiting factors, and the Bankruptcy Court's order has the authority of this Court behind it. A district court judge can enforce such bankruptcy court orders as necessary and as an element of the court's inherent power to enforce its orders. *See* 11 U.S.C. § 105(a); *In re U.S. Office Products Co. Securities Litigation*, 313 B.R. 73, 82 (D.D.C. 2004) (noting that district courts "have the power to issue orders and enforce compliance with the provisions of the Federal Rules of Bankruptcy Procedure as well as the orders of the Bankruptcy Court"). Moreover, it should be noted that CAASA clearly has standing to appeal the

disallowance order entered by the Bankruptcy Court on its proof of claim, and the Appellee does not challenge this fact.

Second, S&Q argues that the Bankruptcy Court has already overruled CAASA's objection by permitting S&Q to litigate the Objection to Claim and Motion for Summary Judgment, which led to the disallowance of CAASA's proof of claim. *See* Appellee's Opp. at 9. Since the litigation on which S&Q relies occurred *prior to* the Bankruptcy Court's order clarifying the scope of Special Counsel, his dispensation to allow S&Q to participate in the Bankruptcy Court on the former does not broaden the scope of the latter.

Third, S&Q argues that the Bankruptcy Court's clarifying Order "expressly permits S&Q to participate in matters -- such as the present appeal -- that are derivative of the District Court Case." Appellee's Opp. at 10. The problem with this argument is that it completely misreads the court's order and demonstrates, again, that S&Q refuses to understand the limitations of Mr. de Groote's expenditures as a debtor in Chapter 11. The Bankruptcy Court authorized only *limited* representation by S&Q to: 1) the District Court Litigation that began this saga, *Conseil Alain Aboudaram, S.A.v. de Groote*, Civil Action No. 1-06 (JDB) (D.D.C) (judgments entered on June 7, 2004 & Aug. 31, 2004), *appeals docketed*, No. 04-7167 (D.C. Cir. Oct. 8, 2004) and No. 04-7168 (D.C. Cir. Oct. 12, 2004); and 2) providing institutional knowledge to bankruptcy counsel. Neither of those authorizations encompasses this litigation, which is an appeal from the disallowance of CAASA's proof of claim.[1]

---

[1] On May 18, 2005, the Bankruptcy Court approved an order *conditionally* confirming Mr. De Groote's plan of reorganization pending the final determination of this bankruptcy appeal and the appeal of Judge Bates's orders in *Conseil Alain Aboudaram, S.A.v. de Groote*, Civil Action No. 1-06 (JDB) (D.D.C) (judgments entered on June 7, 2004 & Aug. 31, 2004), *appeals docketed*, No. 04-7167 (D.C. Cir. Oct. 8, 2004) and No. 04-7168 (D.C. Cir. Oct. 12, 2004). *See*

Accordingly, the motion to strike Messrs. Sale and Quinn and the law firm of Sale & Quinn is **GRANTED**.

## II.  FURTHER BRIEFING

Mr. de Groote listed CAASA as one of his major creditors when he filed his bankruptcy petition. In the District Court Litigation, however, he successfully argued that he owed, and had paid, CAASA only $31,000 on the outstanding notes that were secured by his residence, and that the remaining debt was unsecured and owed individually to Alain Aboudaram, CAASA's principal owner, but not under the notes. "As the notes were clear an unambiguous, his argument continued, New York law (which governs the notes) strictly prohibited the consideration of extrinsic evidence that Aboudaram's advances had been made under the notes." Appellant Br. at 20. Judge John Bates, the presiding judge in the District Court Litigation, agreed and granted judgment for Mr. de Groote, despite a jury verdict for CAASA. Judge Bates ruled:

> [N]o reasonable jury could have found that Aboudaram's advances to de Groote were covered by the promissory notes, which by their terms reach only advances from CAASA, as the "Lender," to de Groote. Having found based on the stipulation of the parties that all such advances have been repaid, the Court must enter judgment for de Groote on CAASA's claim for breach of contract on the promissory notes.

*Conseil Alain Aboudaram, S.A.v. de Groote*, No. 1-06, slip op. at 19 (D.D.C. June 7, 2004).

Thus, although Mr. de Groote listed CAASA as a creditor, to which he was liable for the full amounts advanced to him by both CAASA and Mr. Aboudaram, he has successfully argued that he owed CAASA only $31,000 and the outstanding loans were unsecured amounts advanced by

---

*In re Jacques de Groote*, Case No. 02-981 (Bankr. D.D.C.) ("Conditional Confirmation Order") [Dkt. No. 295]. Accordingly, because Mr. de Groote has only been conditionally discharged from bankruptcy, the Bankruptcy Court's clarifying Order placing limitations on S&Q's representation of Mr. De Groote is applicable to this appeal.

Mr. Aboudaram. This Court therefore directs the parties to respond to the following questions:

    1. Did Mr. de Groote list Mr. Aboudaram as a creditor when he filed his Chapter 11 petition?

    2. What is the consequence to the integrity of the bankruptcy process if Mr. de Groote failed to list Mr. Aboudaram as a creditor when he filed his Chapter 11 petition?

The motion on the merits is **STAYED**. Simultaneous briefs of no more than five (5) pages shall be filed no later than April 7, 2006.

    **SO ORDERED.**

                                        ___/s/_____
                                        ROSEMARY M. COLLYER
                                        United States District Judge

DATE: March 8, 2006.