UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSEIL ALAIN ABOUDARAM, S.A., <br><br> Appellant, <br><br> - against - <br><br> JACQUES DE GROOTE, <br><br> Appellee. | Case No. 1:05-CV-00988 (RMC) |

**OPPOSITION TO APPELLEE's MOTION FOR RECONSIDERATION
OF ORDER STRIKING APPEARANCE OF SALE & QUINN, P.C.**

Appellant Conseil Alain Aboudaram, S.A. ("CAASA"), by counsel, submits this opposition to Appellee Jacques de Groote's ("de Groote") Motion for Reconsideration of Order Striking Appearance of Sale & Quinn, P.C., filed March 20, 2006 ("Motion for Reconsideration").  The facts on which CAASA relies are of record in the underlying Chapter 11 bankruptcy case, the related district court case, the appeals pending in the United States Court of Appeals for the District of Columbia Circuit from the judgments entered in the district court case, and the appeal pending in this Court from the bankruptcy court order disallowing CAASA's claim.[1]

A cursory examination of de Groote's Motion for Reconsideration reveals that he is merely rearguing his opposition to CAASA's July 14, 2005, Motion to Strike Appearance of Stephen Sale, Esq., John D. Quinn, Esq., and the Law Firm of Sale & Quinn, P.C ("Motion to

---

[1] Defined terms herein have the same meanings assigned to them in the principal and reply memoranda supporting CAASA's motion to strike Sale & Quinn's appearance.

Strike"). With a few minor alterations and additions, de Groote's current Motion for Reconsideration actually copies the text of his July 26, 2005, opposition.

The applicable procedural rules do not permit such reargument. *See Fox v. American Airlines, Inc.,* 295 F. Supp.2d 56, 59 (D.D.C. 2003) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled . . . , or a vehicle for presenting theories or arguments that could have been advanced earlier.") (internal quotation marks omitted) (citing *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995); *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997)), *aff'd*, 389 F.3d 1291 (D.C. Cir. 2004).

Because de Groote's Motion for Reconsideration is simply a reargument of facts and theories already rejected by this Court in its March 8 order, CAASA respectfully refers the Court to CAASA's reply memorandum in further support of CAASA's Motion to Strike, which is incorporated herein by reference.[2] CAASA's reply memorandum fully addressed the arguments de Groote re-asserts now.

De Groote argues that his Motion for Reconsideration should be considered under both Fed. R. Civ. P. 59(e) and 60(b) (Motion for Reconsideration 8-9). Because de Groote's motion was filed within 10 days after entry of the Court's March 8 order, it should be considered as seeking relief under Rule 59(e). *See, e.g., Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057

---

[2] Reply Memo. in Further Support of Appellants' Mot. to Strike Appearance of Stephen Sales, Esq., John D. Quinn, Esq., and the Law Firm of Sale & Quinn, P.C. (July 26, 2005) [Bankr. Appeal Docket # 10].

(D.C. Cir. 1998); *United States v. Pollard*, 290 F. Supp. 2d 153 (D.D.C. 2003) ("A motion to reconsider . . . is to be treated as a '[Fed. R. Civ. P.] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter.'") (Hogan, C.J.) (citing *United States v. Clark*, 984 F.2d 31, 32 (2$^d$ Cir. 1993)).  For this reason, and because de Groote makes no argument that his motion satisfies the standards of Rule 60(b), CAASA will confine its analysis to the Rule 59(e) standard.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*).  De Groote agrees that this is the standard (Motion for Reconsideration 8), but he cites no intervening change of controlling law or the availability of new evidence.

Furthermore, de Groote utterly fails to establish how the March 8 order constitutes "clear error" or "manifest injustice."  He simply clings to his interpretation of the bankruptcy court's April 7, 2005, clarification order (Bankr. Docket # 359), which conflicts with this Court's interpretation.  De Groote's interpretation is incorrect.  The April 7, 2005, clarification order does not deprive de Groote of Mr. Sale's assistance.  Rather, the order expressly grants de Groote access to Mr. Sale's institutional memory of the district court case.  The clarification order simply prohibits Mr. Sale from serving as de Groote's bankruptcy counsel, including on this appeal.

**CONCLUSION**

For the foregoing reasons, as well as those set forth in CAASA's reply memorandum in further support of the Motion to Strike (Bankr. Appeal Docket # 10), the Motion for Reconsideration should in all respects be denied.

Dated: Washington, D.C.
April 3, 2006

                                        Respectfully submitted,

                                        BERLINER, CORCORAN & ROWE, L.L.P.

                                        Attorneys for Appellant

By:   /s/ James L. Marketos
        James L. Marketos
            D.C. Bar No. 412953
        Alexander C. Vincent
            D.C. Bar No. 473459

        1101 17th Street, N.W.
        Suite 1100
        Washington, D.C.  20036-4798
        Telephone:  (202) 293-5555
        Fax:  (202) 293-9035
        E-mail:  jlm@bcr-dc.com, acv@bcr-dc.com