UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONSEIL ALAIN ABOUDARAM, S.A., ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> JACQUES DE GROOTE, ) <br> ) <br> Appellee. ) <br> ) | Civil Action No. 05-00988 (RMC) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

In this case, Conseil Alain Aboudaram SA ("CAASA") appeals a Bankruptcy Court disallowance of its claim against the Chapter 11 bankruptcy estate of Jacques de Groote ("Debtor") in the amount of $1,374,742.61. *See In re Jacques de Groote*, Case No. 02-0981 (Bankr. D.D.C. May 14, 2002). CAASA moved to strike the appearance of Stephen Sale, Esq.; John D. Quinn, Esq.; and their law firm Sale & Quinn, P.C. (collectively Sale & Quinn) on behalf of Mr. de Groote because such representation was outside the authorization granted by the Bankruptcy Court. On March 8, 2006, this Court granted the motion, thereby striking the appearance of Sale & Quinn. Mr. de Groote now seeks reconsideration, alleging that the March 8 Order "misinterprets the [bankruptcy court's] Order Clarifying Scope of Employment and the nature of the present appeal" or because the Court should refer the question to the Bankruptcy Court. Motion to Reconsider at 8.

A motion for reconsideration is discretionary and will be granted if "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon

which a court has already ruled . . . , or a vehicle for presenting theories or arguments that could have been advanced earlier." *Fox v. Am. Airlines, Inc.*, 295 F. Supp. 2d 56, 59 (D.D.C. 2003) (internal quotations and citation omitted).

Mr. de Groote's motion for reconsideration merely reiterates the same arguments previously presented to the Court. Accordingly, the Court declines to reconsider its order and restates that Stephan Sale, John D. Quinn and the law firm of Sale & Quinn, P.C., **cannot** represent Mr. de Groote directly in **either** the Bankruptcy Court or this Court. To be frank, this Court is offended by the failure of Messrs. Sale, Quinn or Sale & Quinn to abide by the rules of the bankruptcy process or the orders of U.S. Bankruptcy Judge Teel. These failures to comply with the requirements of the process and the Bankruptcy Court are longstanding and cannot be deemed inadvertent or by mistake. Judge Teel has not decided whether these lawyers or their firm will be paid from the bankrupt estate for their unapproved work. The Court expresses no opinion on that issue but has no interest in hearing further from these counsel.

For the reasons stated above, Mr. de Groote's motion for reconsideration [Dkt. #14] is hereby **DENIED.**

**SO ORDERED.**

DATE: April 25, 2006.                    ___/s/_____
                                          ROSEMARY M. COLLYER
                                          United States District Judge